IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HENG FEN ZHU, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| V. | § | CIVIL CASE NO. SA-26-CV-1936-FB |
| | § | |
| MIGUEL VERGARA, Field Office Director of | § | |
| Enforcement and Removal Operations, San | § | |
| Antonio Field Office, Immigration and Customs | § | |
| Enforcement; KRISTI NOEM, Secretary, U.S. | § | |
| Department of Homeland Security; U.S. | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY; PAMELA BONDI, U.S. Attorney | § | |
| General; EXECUTIVE OFFICE FOR | § | |
| IMMIGRATION REVIEW; WARDEN OF | § | |
| SOUTH TEXAS ICE PROCESSING | § | |
| CENTER, | § | |
| | § | |
| *Respondents.* | § | |

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Before the Court are Petitioner Heng Fen Zhu's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) and the Federal Respondents' ("Respondents") response (ECF No. 6) in opposition to the Petition.  The relevant facts are undisputed and the Court grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).  After careful consideration, the Court is of the opinion the petition should be dismissed without prejudice.

Petitioner, who is subject to a final removal order, seeks an order from this Court directing Respondents to immediately release Petitioner from detention.  Alternatively, Petitioner seeks a bond hearing before an immigration judge.  The primary issue raised by Petitioner, namely that Petitioner's detention violates the Fifth Amendment right to due process, has been rejected in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and is contrary to Section 241 of the Immigration and Nationality Act ("INA").  Petitioner has only been detained for forty-nine days, which is within the ninety-day reasonable time

frame set out by the Court in *Zadvydas* and INA § 241 (g)(1)(ii).  Moreover, under the INA, during the "removal period" of a noncitizen who has been ordered removed, detention is mandatory.  8 U.S.C. § 1231(a). Petitioner's detention is therefore statutorily mandated until Petitioner has been in immigration custody until June 9, 2026.  Finally, Respondents advise this Court that Removal Operations is in possession of all travel documentation needed to effectuate Petitioner's removal and there is a significant likelihood of removal in the foreseeable future.  (ECF No. 6, at Exh. A (Declaration)). Accordingly, the instant challenge to Petitioner's post-removal-custody is moot, and the petition shall be dismissed without prejudice as such.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED without PREJUDICE.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are DISMISSED as MOOT and this case is CLOSED.

It is so ORDERED.

SIGNED this 29th day of April, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE